IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EUGENE BEXLEY**

**Plaintiff,**

vs.                                                         CASE NO: 8:04-CV-980-T-27MAP

**SOLOMON AND SOLOMON, PC**

**Defendant.**

_____/

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action brought by plaintiff Eugene Bexley, an individual consumer, on behalf of himself and others similarly situated, against defendants Solomon and Solomon, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 (FDCPA), and the Florida Consumer Collection Practices Act, Fla. Stat. Section 559.55 (FCCPA), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in their course of collecting or attempting to collect debts. Mr. Bexley requests a declaratory judgment that defendants practices violate the FDCPA and the FCCPA and seeks as award of actual and statutory damages for herself/himself, and for the class.

### II. JURISDICTION

2. Jurisdiction of this court, over this action and the parties herein, arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1331. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202. Supplemental jurisdiction over state

1

law claims is available to this court pursuant to 28 U.S.C. Section 1367. Venue in this district is proper because the pertinent events took place here.

### III.   PARTIES

3. Plaintiff, Eugene Bexley (Bexley) is an individual residing in Tampa, Florida. He is a "consumer" as defined by the FDCPA, 15 U.S.C. Section 1692a(3).

4. Defendant, Solomon and Solomon P.C. is a domestic professional corporation in New York State.

5. Defendant is or was engaging in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA 15 U.S.C. Section 1692a(3), and FCCPA.

### IV.   FACTUAL ALLEGATIONS

6. On or about May 19, 2003, defendant sent or caused to be sent a dunning notice (attached as EXHIBIT "A") to plaintiff seeking to collect an alleged debt or debts allegedly owed to Verizon.

7. EXHIBIT "A" was received by plaintiff.

8. EXHIBIT "A" states a balance due of the alleged debt is "$157.74".

9. EXHIBIT "A" concluded with the typewritten name of the defendant Solomon and Solomon P.C.

## V.   DEFENDANTS POLICIES AND PRACTICES COMPLAINED OF

10. It is or was the policy and practice of defendants to send out collection letters to citizens of the state of florida which:

   a. Employed the use of false representations or deceptive means to collect or attempt to collect any debt by leading the least sophisticated consumer to believe that Solomon and Solomon P.C. were attorneys at law in the state of Florida when in fact they are not licensed to practice law in the state of Florida.

   b. That there was the false representation of attorney involvement when it is clear form the face of the letter that it is simply a printed form with little or no attorney involvement.

   c. The letter implies by stating "we have not received a response despite our previous demands for payment". "We strongly urge you to make payment to this office upon receipt of this letter". This paragraph would lead the least sophisticated consumer to believe that Solomon and Solomon P.C. could and would file suit against him/her in the state of Florida.

## VI.   CLASS ACTION ALLEGATIONS

11. This action is brought on behalf of a class consisting of:

   a. All persons with addresses in the state of Florida;

   b. To whom letters in the form of EXHIBIT "A" were sent;

   c. In an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family or household purposes:

3

    d. Which were not returned undelivered by the U.S. Post Office.

The FDCPA class covers the one-year period prior to the filing of the complaint in this action to the date of certification. The FCCPA class covers the two-year period prior to the filing of the complaint in this action to the date of certification.

12. Plaintiff alleges on information and belief based on the defendants use of letters in the form of EXHIBIT "A" that the class is so numerous that joinder of all members is impractical. Based on defendants use of letters in the form of EXHIBIT "A", plaintiff estimates that the class includes hundreds or thousands of members.

13. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

14. The common factual issue common to each class member is that each was sent a letter in the form of EXHIBIT "A". The principal legal issues pursuant to the FDCPA are whether defendants letters in the form of EXHIBIT "A" violate the act by:

    a. Employing the use of any false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. Section 1692e(10).

    b. 15 U.S.C. Section 1692e(3), False representation of attorney involvement.

    c. Threatening to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. Section 1692e(5).

15. Mr. Bexley's claims are typical of those of the class members. All are based on the same facts and legal theories.

16. Mr. Bexley will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither plaintiff nor his/her counsel has any interests, which might cause them not to vigorously pursue this action.

17. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The question of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

19. Mr. Bexley requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff incorporates the foregoing allegations by reference.

21. Defendants conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, including but not limited to:

   a. Employing the use of any false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. Section 1692e(10).

   b. 15 U.S.C. Section 1692e(3), False representation of attorney involvement.

   c. Threatening to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. Section 1692e(5).

22. As a result of defendants conduct, plaintiff and the class are entitled to an award of actual and statutory damages pursuant to 15 U.S.C. Section 1692k.

23. Plaintiff and the class are also entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. Section 1692k.

## VIII.   COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 by reference.

25. Defendant conduct violated the Florida Consumer Collection Practices Act, Section 559 including but not limited to:

   a. Section 559.72 (7) by willfully engaging in conduct which can reasonably expected to abuse or harass the debtor, any member of his/her family

26. Section 559.552 provides that the provisions of the FDCPA, which are more protective of the consumer or debtors rights shall prevail. The defendant violated the FCCPA in the following manner:

   a. Section 559.72 (7) by willfully engaging in conduct which can reasonably expected to abuse or harass the debtor, any member of his/her family

   b. Employing the use of any false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. Section 1692e(10).

   c. 15 U.S.C. Section 1692e(3), False representation of attorney involvement.

   d. Threatening to take action that cannot be legally taken or is not intended to be taken in violation of 15 U.S.C. Section 1692e(5).

27. Plaintiff and the class are also entitled to an award of actual and statutory damages as well as costs and reasonable attorneys fees pursuant to Fla. Stat. Section 559.77

WHEREFORE, plaintiff Eugene Bexley requests judgment be entered in his favor and in favor of the class against Solomon and Solomon P.C. for:

   a. Declaratory and injunctive relief holding that defendants EXHIBIT "A" violates the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act;

   b. Actual damages pursuant to 15 U.S.C. Section 1692 and Fla. Stat Section 559.77;

   c. Statutory damages pursuant to 15 U.S.C. Section 1692k and Fla. Stat. Section 559.77;

d. An award of costs and attorneys fees pursuant to 15 U.S.C. Section 1692k and Fla. Stat. Section 559.77; and

e. Such other relief and further relief as the court may deem just and equitable.

PLAINTIFF EUGENE BEXLEY DEMANDS TRIAL BY JURY IN THIS ACTION.

Frederick W. Vollrath, Esq.
Post Office Box 18942
Tampa, Florida 33679
(813) 335-4379
(813) 266-9073 (pager)
FBN: 165-812
E-mail:fredvollrath@aol.com

**SOLOMON AND SOLOMON PC**
Attorneys at Law
Mailing Address: Columbia Circle, Box 15019, Albany, New York 12212-5019
Located at: Five Columbia Circle, Albany, New York 12203
Toll Free 1-800-233-7515  Fax: (518) 456-0651

Se Habla Español

05/19/2003

EUGENE BEXLEY               14612257
PO BOX 75757
TAMPA           FL    33675-0757

RE:  OUR FILE NO. 14612257   ACCT NO. 8132483063920122
     VERIZON
     CLAIM AMOUNT         $157.74
     BALANCE              $157.74

Dear Sir/Madam:

We have not received a response despite our previous demands for payment. We strongly urge you to make payment to this office upon receipt of this letter.

Our office is open Monday through Saturday from 8 am through 9 pm and Sunday from 4 pm through 9 pm.

You can call us toll free at 1-877-803-1942.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls randomly monitored to ensure quality service.

Very truly yours,

SOLOMON AND SOLOMON, P.C.

# EXHIBIT "A"

OZ                                                            5401